THORNTON *et al. v.* ABBOTT, PARKER & COMPANY.

The action not being upon an "open account," and having been brought before the pleading act of 1893, it was error to allow the plaintiff to take a verdict and enter a judgment without proving his cause of action; and this error was properly corrected by subsequently setting the verdict and judgment aside and reinstating the case upon a motion made by the defendants during the same term.

December 2, 1895.

Motion to set aside judgment. Before Judge Van Epps. City court of Atlanta. January term, 1895.

To the January term, 1894, of the city court of Atlanta, J. J. Thornton and J. L. Hooten, surviving partners of J. H. Couch & Company, and J. L. Key, administrator of J. H. Couch, brought suit against Abbott, Parker & Company for $1,367.27, besides interest, alleging: Thornton and Hooten began business in Fulton county with Couch, January 4, 1893, trading in live stock under the firm name of J. H. Couch & Company. Petitioners furnished the entire capital, $2,409.60. The business was conducted at defendants' stables. Upon the books of defendants was kept an account of their transactions. Such funds as arose from the business and from the sale of their stock were paid into the hands of defendants. The business was closed up March 13, 1893, with due notice to defendants. At that time and divers times thereafter there appeared upon the books of defendants a balance of $5,907 as a credit in favor of J. H. Couch & Company, which amount defendants admitted as being due petitioners, and which they refused to pay on demand. While the business of J. H. Couch & Company was being carried on, Couch formed another and separate partnership with one Whitson, with which petitioners had nothing to do. Whitson in the course of time sold out to Couch, and he closed up said business. Defendants took of the money of petitioners belonging to the firm of J. H. Couch & Company, and credited the same on the

account of Couch & Whitson, or to the account of Couch in closing up the business of Couch & Whitson, $573.20, which is a misappropriation, misapplication and conversion of said funds, and which defendants refuse to pay on demand heretofore made. The funds composing the capital and profits of said business all went into the hands of defendants; and after the profits and expenses have all been accounted for, there remains in the hands of defendants $735 balance of original capital invested by them, and defendants have converted the same to their own use and refused to pay on demand heretofore made. John H. Couch died August, 1893.

At the appearance term the case was undefended and in default, and so remained until October 23, during the September term, at which time plaintiffs asked leave of the court to take a verdict by default against defendants. This leave was granted; and thereupon the judge instructed the jury, that this being a suit on account, and as no defense had been filed thereto and no appearance had been made by defendants, and as the service on defendants was personal, the jury were authorized and instructed to find for plaintiffs the full amount of the account with interest and cost of suit. Under this charge, the jury returned a verdict for plaintiffs for the amount claimed in their declaration. During the term at which the verdict was rendered, defendants filed a motion for new trial and motion to set aside the verdict and judgment, and also a traverse of the officer's return of personal service on defendants. The traverse of the return was submitted to a jury, who found against the traverse. The motion for new trial and the motion to set aside the judgment came on to be heard at the same time; and the motion to set aside was granted, which having been done, the motion for new trial was dismissed. Plaintiffs excepted to the judgment of the court sustaining the motion to set aside the verdict and judgment.

In notes by the court to the bill of exceptions the judge

states: The declaration was not read in the hearing of the court, but the court treated it as a suit on an account with personal service, plaintiffs' counsel having stated it was so. The jury having rendered a verdict without any evidence whatever, upon the statement of plaintiffs' counsel that it was a suit on an account with personal service, the court set the judgment aside on the ground that this was not a suit on an account, but one requiring proof before a judgment could be rendered.

*James L. Key,* for plaintiffs.
*Dorsey, Brewster & Howell,* for defendants.

LUMPKIN, Justice.

An action was brought by the plaintiffs below, the nature of which will appear from the reporter's statement. It was filed before the pleading act of 1893, and therefore, in deciding the case, that act was not considered.

It is by no means an easy matter to define in precise and accurate terms what constitutes an action upon an "open account." An attempt to do so is not necessary in the present case, for we can, without serious difficulty, safely assert that the action with which we are now dealing is not one of this character, which is sufficient for the purpose in hand. The action was really one of *assumpsit* for money had and received by the defendants to the plaintiffs' use and not properly accounted for and paid over on demand. This, we think, will appear from a casual inspection of the plaintiffs' declaration.

It follows that the court erred in allowing the plaintiffs to take a verdict without submitting evidence, and rightly corrected that error by setting aside the verdict and reinstating the case, upon a motion for this purpose duly filed by the defendants during the same term at which the verdict was rendered.            *Judgment affirmed.*